Law Library

FILED
SUPERIOR COURT
OF GUAM

2012 MAY 29 PM 2: 01

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | ) CRIMINAL CASE NO. CM1045-09 |
| | ) |
| | ) |
| | ) |
| vs. | ) **DECISION AND ORDER** |
| | ) (Defendant's Motion to Dismiss) |
| PIUS ANTHONY ONOPEY, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

This matter comes before the HONORABLE VERNON P. PEREZ on Defendant Pius Anthony Onopey's ("Defendant's") Motion to Dismiss. In the interest of judicial economy, oral argument is cancelled pursuant to Local Rules of the Superior Court of Guam Rule 7.1(e)(3) and 8 GCA § 1.07(c). Defendant is represented by Attorney Raymond B. Ilagan. The Government of Guam ("Government") is represented by Attorney James C. Collins. After reviewing the pleadings, arguments presented, and record, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant is charged with Driving While Under the Influence of Alcohol (As a Misdemeanor). Defendant was arrested on February 7, 2009, and upon his release from the Guam Police Department ("GPD"), Defendant was issued a Citation and Notice to Appear ("NTA") for arraignment on February 3, 2010. The Government filed a Complaint on November 4, 2009. Defendant failed to appear as required by the NTA, and a Bench Warrant was issued. Defendant appeared on April 18, 2012, for a return of warrant hearing and was later arraigned on April 25, 2012.

## DISCUSSION

Defendant requests a dismissal with prejudice as he argues that the time between the filing of the Complaint and the date of arraignment was in violation of the Prompt Arraignment Rule handed down by the Supreme Court of Guam in *People v. Rasauo*, 2011 Guam 14 ("*Rasauo II*"). The Government concedes that dismissal is appropriate based on earlier *Rasauo II* decisions rendered by this court and the procedural history of this case. The record reflects that the Complaint was filed on November 4, 2009, and Defendant's Notice to Appear ("NTA") date was on February 3, 2010. The time between the filing of the Complaint and NTA date equates to 91 days, which is 31 days beyond the 60-day requirement for prompt arraignment.

The Court will dismiss this case without prejudice, as it recognizes that the *Rasauo II* decision is very recent and that most of the failures to arraign defendants promptly are not in bad faith as the Government and court staff did not previously know of the 60-day limit. Thus, the Court would be remiss to dismiss this case with prejudice without a showing of some negligence to prosecute cases on behalf of the Government or some knowledge of the 60-day limit by court staff.

## CONCLUSION

For the forgoing reasons, this Court **GRANTS** Defendant's Motion to Dismiss pursuant to *Rasauo II* without prejudice.

**SO ORDERED** this 29th of May 2012.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a true copy of the ORIGINAL on file in the Office of the Clerk of

MAY 2 9 2012
DATED:

JEROME K.T. DOYLE NAS
DEPUTY CLERK, Superior Court of Guam